In the Matter of the Petition of JOHN GALLIGAN for the Opening, Vacating, Modifying and Setting Aside of the Decree of Probate of the Last Will and Testament of EDWARD ROCHE, Deceased. JOHN GALLIGAN, Appellant; GEORGE W. DAVISON and ALFRED T. DAVISON, as Executors of and Trustees under the Will of EDWARD ROCHE, Deceased, Respondents.— In a proceeding instituted by John Galligan, heir at law and next of kin of the decedent, Edward Roche, here appellant, to procure an order, in pursuance of Surrogate's Court Act, section 20, subdivision 6, opening, vacating, modifying and setting aside the decree, dated December 3, 1931, admitting the will of the deceased to probate, as far as that decree affects or purports to affect the rights of petitioner, and permitting him to file objections to the probate of the alleged last will and testament, final decree of the Surrogate's Court, Queens county, denying petitioner's application, unanimously affirmed, in so far as an appeal therefrom is taken, with costs to the executors and trustees, respondents, payable out of the estate. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ..

ROSE KAPLAN, Appellant, v. FRANCES R. KATZ, RAE JACOBI and THERESA JACOBY, Surviving Partners of Firm of FRANCES R. KATZ, RAE JACOBI, THERESA JACOBY and MINNIE GROSSWORTH, Copartners Doing Business under the Firm Name and Style of CAMP DIANA, Respondents.— Plaintiff, a paying guest at a summer camp owned and operated by defendants, tripped on the floor of the porch of one of the camp's bungalows and fell down a flight of steps, receiving injuries. She brought this action and received a verdict for $3,000. On motion, the trial court set the verdict aside on the ground that it is " entirely against the weight of evidence." Plaintiff appeals from the order and from the resettled order. Resettled order unanimously affirmed, with costs. No opinion. The original order having been superseded by the resettled order, the appeal from it is dismissed. The case will be restored to the trial calendar on five days' notice. Present — Lazansky, P. J., Carswell, Davis, Adel and Close, JJ.

RAFAEL LESNY, Appellant, v. FRANK BROGOTA, LEO OVERLAND, JOSEPH YALE and ICELAND FROZEN CONFECTIONS, INC., Respondents.— In an action by plaintiff to recover for money loaned or contributed to a corporation, under an agreement to repay the same in weekly payments, the period of which has now expired, the plaintiff set up two causes of action in the alternative, under a written agreement to repay and as a loan which the individuals as well as the corporation undertook to repay. The complaint was ineptly and inartistically drawn, but sufficient facts are stated therein so that the defendants are required to answer. Order dismissing the complaint as not stating facts sufficient to constitute a cause of action under rule 106, Rules of Civil Practice, reversed on the law, with ten dollars costs and disbursements, and motion denied, with leave to defendants to answer within ten days after the entry of the order hereon. Lazansky, P. J., Davis, Johnston, Adel and Close, JJ., concur.