■ Martin Lewis, Appellant, v Solomon Bendet et al., Defendants, and Giles Spoonhour et al., Respondents. — In an action to recover damages for breach of a union's duty of fair representation, plaintiff appeals (1) from an order and judgment (one paper) of the Supreme Court, Queens County, dated May 29, 1980, which, upon plaintiff's default, granted respondents' motion to dismiss the action for failure to serve an amended complaint and dismissed the action as against respondents, and (2) from an order of the same court, dated November 14, 1980, which denied plaintiff's motion for reargument and leave to serve an amended complaint. Appeal from the order and judgment dismissed. Order affirmed. Respondents are awarded one bill of $50 costs and disbursements to cover both appeals. The order and judgment of May 29, 1980 was entered on default and is thus not appealable (see CPLR 5511). Special Term properly treated the motion for reargument and leave to serve an amended complaint as a motion to vacate the default. The decision on such a motion rests in the sound discretion of the court. In this case the plaintiff was given leave on January 18, 1980 to serve an amended complaint. When nothing was served, the two defendants remaining in the action (respondents herein) moved to dismiss the action. The motion was granted on default and an order and judgment was entered. On the motion to vacate the default, the plaintiff's counsel admitted his failure to oppose the first motion, stating only that he was a sole practitioner and had been involved in a trial "in and about" the time in question. As to the merits of the underlying claims, he commented only that it was difficult to

draft the complaint because of the scarcity of State law on the question. On this record, Special Term did not abuse its discretion in denying vacatur. Mangano, J. P., Gulotta, Margett and Thompson, JJ., concur.