■ ELIZABETH F. HARTWICH, Individually and as Administratrix of the Estate of FREDERICK HARTWICH, Deceased, Respondent, v FRED YOUNG, Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered December 15, 1987 in Greene County, upon a verdict rendered in favor of plaintiff.

This action was instituted by the service of a summons with notice on defendant on June 21, 1978 to recover damages for personal injuries and wrongful death, allegedly occurring on April 17, 1978, when a motorcycle owned and operated by defendant struck plaintiff's decedent, a pedestrian, on State Route 66 in the Town of Greenport, Columbia County. Defendant served a notice of appearance and demand for a complaint on July 5, 1978.

The complaint was not served until February 22, 1985. On March 18, 1985, plaintiff's attorney received a telephone message from defendant's attorney advising, "re: Hartwich, will make motion to dismiss." Consequently, on April 12, 1985, plaintiff moved to extend the time to serve the complaint and to compel defendant to accept service of the complaint. The motion was originally made returnable May 16, 1985 and contained a demand pursuant to CPLR 2214 (b) that answering papers be served at least seven days before the return date.

On the return date, which had been rescheduled to June 28, 1985 at defendant's request, defendant's counsel appeared and attempted to hand answering papers and a cross motion to dismiss the complaint to plaintiff's attorney. Plaintiff's counsel refused to accept the answering papers as untimely. On July 5, 1985, based upon defendant's default, Supreme Court granted an order extending plaintiff's time to serve the com-

plaint and compelling acceptance of the complaint. This order was entered July 15, 1985.

Defendant next moved pursuant to CPLR 5015 (a) (1) and CPLR 2005 to vacate his default on the ground that, *inter alia,* the two attorneys representing defendant were engaged on a daily basis as assistant counsel to the Majority Leader of the New York State Senate from May 16, 1985 to June 28, 1985 and were out of their office to attend the legislative session. Defendant claimed that responding papers could therefore not be served within the required seven days before the June 28, 1985 return date. Defendant also moved to dismiss plaintiff's complaint as untimely served. Supreme Court, finding no reasonable excuse for the default, denied defendant's motion to open or excuse his default in answering plaintiff's motion to compel acceptance of the complaint. The court further held that defendant was precluded from moving to dismiss the complaint for untimely service since defendant's default on the motion relieved plaintiff from any delay in service of the complaint. An order based on this decision was signed November 19, 1985 and entered November 21, 1985.

After oral reargument on February 21, 1986, Supreme Court issued an amended decision in which it clarified its previous decision and denied defendant's original cross motion to dismiss the complaint made returnable on June 28, 1985, stating that said cross motion was "untimely in the discretion of this Court due to the fact that four months passed from the service of the complaint and the service of the cross-motion to dismiss". An amended order reflecting the amended decision was entered February 28, 1986. However, prior to reargument, defendant had appealed the November 21, 1985 order to this court, but the appeal was dismissed for lack of prosecution on March 17, 1988.

Defendant failed to attend a court-ordered examination before trial and eventually plaintiff was granted a default judgment on the issue of liability because of defendant's nonappearances. Plaintiff obtained a trial preference and, on December 14 and 15, 1987, an inquest was held to assess damages. No one appeared for defendant during the inquest and the jury awarded plaintiff $200,000 on the wrongful death cause of action and $150,000 on the conscious pain and suffering cause of action. This appeal is from the final default judgment entered upon the jury verdict in the amount of

$528,913.84 and the interlocutory orders entered July 15, 1985, November 21, 1985 and February 28, 1986.*

Defendant contends that this appeal from the final judgment entered December 15, 1987 properly brings up for review the three interlocutory orders. Plaintiff argues, however, that the order entered July 15, 1985 should not be reviewed because an order entered upon a default is not appealable. Rather the proper remedy is to move to vacate the default. Plaintiff then argues that the order entered November 21, 1985, which denied defendant's motion to vacate the default, is also not appealable since defendant already filed a notice of appeal from that order and, upon plaintiff's motion, this court dismissed the appeal as abandoned.

Initially, we find no merit to plaintiff's contention that defendant should be precluded from obtaining review of the interlocutory orders. Although under CPLR 5511 there can be no appeal from an order entered upon a default, an appeal may be taken from a final judgment and the review is limited to matters which were contested at Supreme Court (see, James v Powell, 19 NY2d 249, 256, n 3; Katz v Katz, 68 AD2d 536, 540-541). CPLR 5501 (a) (1) provides that an appeal from a final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment * * * provided that such non-final judgment or order has not previously been reviewed by the court to which the appeal is taken". Accordingly, defendant's appeal from the final judgment, even though entered upon a default, brings up for review contested interlocutory orders which have not previously been reviewed.

In the case at bar, the amended order of February 28, 1986 is a nonfinal order which supersedes the orders entered November 21, 1985 and July 15, 1985. These interlocutory orders affect the final judgment herein since, upon their reversal, the complaint would be dismissed. As the amended order has not been reviewed by this court, it and the orders it superseded are properly reviewable on this appeal. Contrary to plaintiff's assertion, defendant's appeal of the order entered November 21, 1985, which was dismissed by this court for failure to prosecute, does not preclude such review as no appeal may be taken directly from an original order which has been superseded by an amended order (see, 10 Carmody-Wait 2d, NY Prac § 70:23; Kaplan v Katz, 254 App Div 880).

---

* Defendant also appealed to this court from Supreme Court's order entered June 7, 1988 denying his motion to vacate the final default judgment (149 AD2d 769 [decided herewith]).

Defendant's contention that Supreme Court abused its discretion in denying his motion to vacate the July 15, 1985 default order is also without merit. The decision whether to vacate an order or judgment entered on default rests in the sound discretion of the court *(see, Lewis v Bendet,* 81 AD2d 856). In the case at bar, defendant's motion and cross motion were not served or submitted within the time required by CPLR 2214 (b). Supreme Court could therefore properly refuse to consider and read defendant's untimely motion papers in the absence of a showing of good cause to excuse the neglect *(see,* CPLR 2214 [c]; *Wallin v Wallin,* 34 AD2d 870; *see also, Fort Tryon Nursing Home v Kavanagh,* 118 Misc 2d 320, 322). The excuse offered by defendant for the failure to timely serve the responsive papers and for the delay of four months from the service of the complaint until defendant's cross motion to dismiss the complaint amounted to law office failure. Defendant retained the complaint four months after its receipt before making the cross motion to dismiss it. Supreme Court cannot be said to have abused its discretion in these circumstances *(see, Lewis v Bendet, supra).*

Finally, we reject defendant's attempt to contest the jury's award of damages assessed upon an inquest at which defendant made no appearance. Defendant is precluded by the provisions of CPLR 5511 from appealing from the default judgment itself. The proper procedure to challenge the award is to move to vacate the default and, upon denial of the motion, to appeal from the denial *(Tongue v Tongue,* 97 AD2d 638, 639, *affd* 61 NY2d 809), a procedure defendant also followed *(see,* 149 AD2d 769 [decided herewith]).

Judgment affirmed, with costs. Kane, J. P., Casey, Yesawich, Jr., and Mercure, JJ., concur.