■ ELIZABETH F. HARTWICH, Individually and as Administratrix of the Estate of FREDERICK HARTWICH, Deceased, Respondent, v FRED YOUNG, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Cobb, J.), entered June 7, 1988 in Greene County, which denied defendant's motion to vacate a default judgment entered against him.

This negligence action was commenced against defendant to recover for the personal injuries and wrongful death of plaintiff's decedent as a result of an accident in which plaintiff's decedent, a pedestrian, was struck by a motorcycle owned and operated by defendant. American Transit Insurance Company, defendant's liability insurer, controlled the defense of this action.

After issue was joined, plaintiff moved for an order compelling defendant to appear for an examination before trial (hereinafter EBT). Defendant's counsel did not oppose this motion and, on the date set for the EBT, neither defendant nor his counsel were present. Plaintiff then moved for an order striking defendant's answer and for a default judgment based on defendant's failure to appear for the court-ordered EBT. This motion was also unopposed by defendant, and plaintiff was granted a default judgment with respect to the issue of liability. Defendant never moved to open this default judgment and the matter was set down for an inquest to assess plaintiff's damages. Following an adjournment, the inquest was scheduled for December 14, 1987 at 9:30 A.M. On that morning, however, no one appeared on behalf of defendant. The Supreme Court Justice assigned to the case then telephoned defendant's attorneys of record to find out whether they intended to defend the action. He spoke with one of the attorneys, who informed the court that he did not know why the trial counsel retained by his firm had not appeared. The Justice informed him that he would consider a short adjournment provided that he called the court back within a half hour and confirmed that trial counsel would be available for trial.

The Justice and plaintiff's counsel waited for almost an hour and, when no return call was received, they proceeded with the trial which was completed on the afternoon of December 15, 1987. On the same day a judgment was entered against defendant in the amount of $528,913.84.

Approximately one month later, defendant moved to vacate

the default judgment and for an order rescheduling the inquest with leave to defendant to appear and contest the issue of damages. Plaintiff opposed the motion. Supreme Court refused to vacate the default judgment, finding that defendant's persistent neglect of the case was inexcusable. This appeal by defendant ensued.

On appeal defendant contends that Supreme Court should have granted his motion to vacate the default judgment since his moving papers provided ample proof that the default was not willful and that he has a meritorious defense with respect to the issue of damages. We disagree. The excuses offered by defendant may all be classified as law office failure. Although the court may excuse such errors (see, CPLR 2005), it is not required to do so in every case (see, Gass v Gass, 101 AD2d 849, 850; Zaluda v Metropolitan Suburban Bus Auth., 97 AD2d 842, 843). Based upon the record before us, it is readily apparent that the miscommunication between defendant's attorneys of record and their retained trial counsel, which resulted in the default, was not an isolated incident but part of a consistent pattern of neglect as evidenced by the numerous defaults, failures to comply with court orders and failure to oppose motions, all as outlined in detail in Supreme Court's decision. Furthermore, we find defendant's contention that he established a meritorious defense to the damages issue to be unpersuasive. Thus, in our view, Supreme Court did not abuse its discretion in denying defendant's motion to vacate the default judgment.

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.