■ ELIZABETH F. HARTWICH, Individually and as Administratrix of the Estate of FREDERICK HARTWICH, Deceased, Plaintiff, v AMERICAN TRANSIT INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent. BURCHETTA, CERUSSI & SPRING, P. C., Third-Party Defendant-Appellant.—Casey, J. Appeal from an order of the Supreme Court (Cobb, J.), entered October 3, 1989 in Greene County, which denied third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

A prior action was brought by plaintiff on behalf of Frederick Hartwich, a pedestrian who had been killed by a motorcycle operated by Fred Young. Young's insurer, defendant herein, employed the law firm of Bisceglia & Lewis (hereinafter Bisceglia) as its "in house counsel". This firm handled defendant's cases in New York City where its offices were located. Outside of the metropolitan area the Bisceglia firm, as attorney-of-record, retained other firms to act as its counsel on behalf of a defendant's insured. In this case third-party defendant, Burchetta, Cerussi & Spring, P. C. (hereinafter Burchetta), was so employed. As the case progressed there were various communications and correspondence concerning the extent and degree of Burchetta's participation in the first action.

As the result of the failure of either Bisceglia or Burchetta to appear in court at the designated times, plaintiff received a judgment of default. They also failed to appear on December 14, 1987, the date scheduled for the trial of damages resulting from the prior default, and plaintiff was awarded the sum of $528,913.84 against defendant's insured, Young *(see, Hartwich v Young,* 149 AD2d 762, *lv denied* 75 NY2d 701; *see also, Hartwich v Young,* 149 AD2d 769). Following these determinations, plaintiff obtained an assignment of Young's rights and commenced this action against defendant for breach of contract, negligence and bad faith stemming from the default judgment. Defendant answered and commenced a third-party action against Burchetta seeking indemnity or contribution for breach of contract and professional malpractice. Burchetta moved for summary judgment to dismiss the third-party complaint for legal insufficiency, relying in part on its letter of

May 5, 1987 to defendant which concluded with the admonition that unless appropriate response was made to its letter, Burchetta would conclude that its services were no longer desired. The motion was denied and this appeal followed.

In order to succeed in its motion, Burchetta was required to establish its defense sufficiently to warrant Supreme Court, as a matter of law, in directing judgment in its favor (CPLR 3212 [b]; *see, Zuckerman v City of New York,* 49 NY2d 557, 562). This Burchetta, as the movant, failed to do. A legal relationship having been established between "in house counsel" for defendant and Burchetta, there are serious questions of fact from the affidavit submitted by Burchetta as to the extent of its participation. Supreme Court correctly concluded that the extent of Burchetta's involvement in the prior action, the effect of the attempt of Burchetta to withdraw its representation by a mere letter, and the effect of statements made by an employee of Burchetta in response to an inquiry of defendant, all demonstrated issues of fact requiring the denial of Burchetta's motion. Since the affidavit made in support of Burchetta's motion failed to make the required showing in support of the motion, Supreme Court properly denied it and its order should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.