■ KEN LAURO, Respondent, v TIMOTHY L. CRONIN, JR., Appellant.—Weiss, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered April 9, 1991 in Putnam County, which denied defendant's motion to vacate a default judgment entered against him.

On June 10, 1987, plaintiff commenced this action by service of a verified complaint upon defendant seeking recovery of a real estate brokerage commission allegedly due for plaintiff's services in securing a buyer for defendant's property. Defendant's CPLR 3211 motion to dismiss before service of the answer was denied by order entered September 3, 1987. Despite demands for a verified answer by telephone and letters,

defendant made no attempt to answer until May 24, 1988 when an unverified answer was served by mail and promptly rejected by plaintiff when received on May 31, 1988. Thereafter plaintiff gave notice by certified mail return receipt requested dated July 11, 1988 addressed to defendant's attorney that a default would be taken if a verified answer was not served within five days. On August 4, 1988, a default judgment was entered against defendant in the sum of $99,992 and a copy with notice of entry was served by mail on defendant's attorney, who filed a notice of appeal on September 8, 1988. By order to show cause, defendant made an abortive motion to vacate the judgment based upon his affidavit sworn to September 29, 1988 and a proposed answer inexplicably verified 10 months later on July 30, 1989. Supreme Court dismissed the application *sua sponte* on August 25, 1989 for defendant's failure to serve plaintiff's attorney. Defendant again sought vacatur in a February 26, 1991 motion which Supreme Court denied in an April 9, 1991 order from which this appeal has been taken.[1]

Defendant's initial assertion that Supreme Court lacked jurisdiction because of improper service of process is meritless. The CPLR 3211 preanswer motion to dismiss did not include a personal jurisdiction defense and that defense was thereby waived *(see,* CPLR 320 [a]; 3211 [e]; *Addesso v Shemtob,* 70 NY2d 689, 690).

Defendant next contends that his default should be excused because it resulted from the law office failure and negligence of his former attorney *(see,* CPLR 2005). Defendant claims he has been unable to locate that attorney and fails to offer any valid excuses or other explanation for his default.[2] A reasonable explanation has never been made for the 11-month default prior to entry of judgment nor, significantly, has an explanation been proffered for the protracted lack of action which followed entry of the judgment. Although defendant was aware of the judgment immediately after its entry, his vacatur motion was not made until 30 months after the judgment had been filed.

The record convincingly establishes that defendant has not been attentive to this action. While he retained counsel imme-

---

1. Defendant's motion for reargument was denied by order dated May 28, 1991 and is not the subject of this appeal.

2. A summons with notice in an action against defendant's former attorney alleging legal malpractice dated April 22, 1991, which is three days after the date of the notice of appeal, has been made part of defendant's appendix. There is no proof that it has been served.

diately upon being served, he concedes that he had no subsequent contact with his attorney until after he learned of the default judgment from a fellow contractor at least 14 months later. While the record reflects that he had some contact with counsel between September 1988 and July 1989, defendant contends that he learned of the break-up of his attorney's law office because of the disbarment of her associate, that he did not know where she moved and that he assumed that the court would give him notice of a trial date. Defendant's affidavit contains little detail and demonstrates a serious lack of concerned attention to the progress of this action. The proposed answer was verified on July 30, 1989, some four months after the associate's felony convictions, and indicates that his attorney was a sole practitioner at that time. The 30-month delay in challenging the default judgment exhibits an inexcusable pattern of neglect *(see, Eveready Ins. Co. v Devissiere,* 134 AD2d 323).

We find no merit to the remainder of defendant's arguments.

Yesawich Jr., Crew III, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.