■ DAWN H. BURLEW-WATKINS, Appellant, v SONYA WOOD et al., Respondents. [639 NYS2d 548] —Mikoll, J. P.

Plaintiff commenced this action in December 1991, alleging that defendant Sonya Wood (hereinafter defendant), who is engaged in the business of boarding and training horses, had mishandled plaintiff's horse, causing it to suffer serious and permanent injuries. Defendant's attorney requested and received a 30-day extension of time in which to file an answer to the complaint but nonetheless failed to file or serve a timely answer. Defendant's attorney also failed to respond to plaintiff's subsequent motion for a default judgment, which motion was granted by Supreme Court on March 13, 1995. The court scheduled a hearing for an assessment of damages to be held May 8, 1995.

On April 28, 1995, six weeks after entry of the default judgment, defendant moved for vacatur thereof on the ground of law office failure. The motion was granted by Supreme Court with plaintiff being awarded $750 to defray expenses incurred for counsel and expert witness fees. Plaintiff appeals.

A trial court may "in the interests of justice * * * excuse delay or default resulting from law office failure" (CPLR 2005; see, CPLR 5015 [a]). In so doing, however, the defaulting party must show the existence of a reasonable excuse for the default and a meritorious defense to the complaint (see, Bowdren v Peters, 208 AD2d 1020, 1021; Gannon v Johnson Scale Co., 189 AD2d 1052; Lauro v Cronin, 184 AD2d 837, 838).

Defendants have arguably stated a meritorious defense through defendant's affidavit setting forth her opinion that the injuries incurred by plaintiff's horse were caused by an accidental fall rather than by any negligence on defendants' part and citing a clause in the contract between the parties containing a waiver of defendants' liability for accidental injuries to horses in their care. No reasonable excuse has been proffered, however, for the repeated failure of defense counsel to respond to either plaintiff's complaint, her motion for a default judgment or any of several other communications made to defense counsel by plaintiff's attorney. Such conduct cannot be described as an "isolated, inadvertent mistake" meriting indulgence (Chery v Anthony, 156 AD2d 414, 417). It can more aptly be characterized as "a serious lack of concerned attention to the progress of this action" for which no reasonable excuse has been offered (Lauro v Cronin, supra, at 839). We accordingly reverse Supreme Court's order vacating the default judgment in favor of plaintiff and direct that the matter be remitted for a hearing to assess the amount of damages incurred by plaintiff in the case-in-chief.

Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.