■ DONALD DUDLEY, Respondent, v STEPHEN M. STEESE, Defendant, and MICHELLE WILSON, Formerly Known as MICHELLE STEESE, Appellant. [644 NYS2d 824] —White, J.

Following the commencement of this action for malicious prosecution in July 1989, defendants retained an attorney who filed an answer in September 1989. Thereafter, this action remained dormant until October 28, 1993 when defendant's attorney received notice that a pretrial conference would be held on December 9, 1993. The attorney's attempts to contact defendants, from whom he had not heard since September 1989, were unsuccessful and, on the scheduled trial date of May 4, 1994, he advised Supreme Court that he was unable to locate defendants and that he had no defense to the action. A default judgment was subsequently entered against defendants in the amount of $41,840. This appeal by defendant Michelle Wilson arises from Supreme Court's denial of her motion to vacate the default judgment entered against her.

We affirm. In order to be relieved of a judgment on the ground of "excusable default" (CPLR 5015 [a] [1]), a party "must establish that there was a reasonable excuse for the default and a meritorious claim or defense" (Pekarek v Votaw, 216 AD2d 829, 830). Wilson blames her attorney for her default, maintaining that even though she moved he could have located her if he had made a more diligent search.

Significantly, she does not deny that she never made any attempt to contact her attorney.

In our view, Wilson's failure to maintain contact with her attorney and to keep herself apprised of the status of the lawsuit establishes that her default was due to her overall lack of attention to this matter. Accordingly, we agree with Supreme Court that she did not present a reasonable excuse for her default (*see, Martinez v Otis El. Co.*, 213 AD2d 523, 524; *Lauro v Cronin*, 184 AD2d 837, 839).

In light of this determination, we shall not address Wilson's remaining arguments on appeal.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.