■ DAVID FISHMAN, Respondent, v CHRISTOPHER BEACH, Appellant, et al., Defendants. [668 NYS2d 75] —Peters, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered April 7, 1997 in Albany County, which denied defendant Christopher Beach's motion to vacate a default judgment entered against him.

Plaintiff commenced this action seeking to recover damages for injuries he sustained during an early morning incident on May 18, 1991 wherein he was pushed into the street by defendant Christopher Beach (hereinafter defendant) and was struck by an oncoming car. Defendant contends that after he was timely served with a summons and complaint during the criminal trial in connection with the same incident, he immediately gave these papers to his criminal defense counsel. According to defendant, his criminal defense counsel informed him that al-

though he did not handle civil matters his office would defend the civil action or help defendant to obtain suitable counsel. Based upon this statement by his criminal defense counsel, defendant asserts that he believed that his interests were adequately being protected by his criminal defense counsel or his firm. In fact, defendant never answered the complaint or appeared in the action. In March 1996, after a jury trial at which defendant did not appear, plaintiff obtained a default judgment against defendant in excess of $241,000.

Thereafter, defendant moved to vacate the default judgment. Supreme Court, finding, *inter alia*, that defendant failed to demonstrate that his default was excusable, denied defendant's motion. This appeal by defendant ensued.

We affirm. While there is a preference that disputes be resolved on their merits (*see, All States Med. Placement Agency v Kripke*, 223 AD2d 953, 954), a party seeking to vacate a default judgment must demonstrate a reasonable excuse for default and a meritorious defense (*see,* CPLR 5015 [a] [1]; *Select Papers v College Promotions Corp.*, 241 AD2d 675; *Maines Paper & Food Serv. v Farmington Foods*, 233 AD2d 595, 596). It is within the sound discretion of Supreme Court to determine whether a sufficient showing has been made warranting the vacatur of a default judgment (*see, MacMarty, Inc. v Scheller*, 201 AD2d 706, 707).

Here, defendant contends that his default is due to law office failure inasmuch as he reasonably relied upon his criminal defense counsel's statement that his office would defend the action or assist defendant in obtaining suitable counsel. We disagree. In our view, neither the statement made by his criminal defense counsel nor counsel's subsequent letter written to plaintiff's counsel justify defendant's belief that his interests were adequately being protected in the civil action. Moreover, there is no indication that defendant contacted his defense counsel regarding the status of the civil litigation for four years. Defendant offers no explanation for his failure to keep apprised of the status of the lawsuit other than to state that he believed his interests were being protected by his criminal defense counsel. Under these circumstances, we find that defendant's negligent conduct in failing to take any action for four years amounted to a "serious lack of concerned attention to the progress of this action" (*Lauro v Cronin*, 184 AD2d 837, 839; *see, e.g., Dudley v Steese*, 228 AD2d 931, 932; *Woodward v Eighmie Moving & Stor.*, 151 AD2d 892, 894; *Union Natl. Bank v O'Donnell*, 101 AD2d 676, 677-678). Accordingly, we find no abuse of discretion in Supreme Court's denial of defendant's

motion to vacate the default judgment. In view of our conclusion, we need not address defendant's contention that he presented a meritorious defense.

Cardona, P. J., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.