■ DAWN D. WINSLOW, Respondent, v PYRAMID COMPANY/ AVIATION MALL, Appellant. [670 NYS2d 620] —Mikoll, J. Appeal from an order of the Supreme Court (Dier, J.), entered May 27, 1997 in Warren County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action seeking to recover for personal injuries she allegedly sustained when she slipped and fell in a public area on defendant's premises. After issue was joined, defendant served plaintiff on or about April 25, 1996 with various discovery demands. Having received no

response thereto nor a request for an extension of time notwithstanding two subsequent letters from defendant's counsel, dated May 31, 1996 and June 12, 1996, respectively, defendant moved, without opposition, for an order compelling plaintiff to provide responses to the outstanding discovery demands. By order entered September 16, 1996, Supreme Court, upon consent of the parties, precluded plaintiff from offering evidence at trial related to the discovery requests unless plaintiff provided complete responses to the outstanding discovery demands within 45 days of the entry of its order. Plaintiff failed to comply with the order and did not respond to defendant's repeated requests for a stipulation discontinuing the action. In March 1997, defendant moved for summary judgment dismissing the complaint. In opposition to defendant's motion plaintiff submitted responses to some of the discovery demands as well as an affidavit from her counsel, wherein he averred, *inter alia*, that he had been "occupied with personal, financial and health problems which kept him from providing the attention required in this matter". Supreme Court denied defendant's motion for summary judgment and this appeal by defendant ensued. We reverse.

Although it is within the trial court's discretion "to entertain * * * counsel's claim of law office failure" (*Williams v Harrington*, 216 AD2d 761, 764, *lv dismissed, lv denied* 87 NY2d 967), under the circumstances presented here we find that no reasonable excuse for the delay. Counsel's affidavit, filed five months after Supreme Court's order compelling disclosure, failed to set forth any documentary facts pertaining to his excuse of "personal, financial or health problems" (*see, Price v Salvo*, 203 AD2d 349; *Nieves v 331 E. 109th St. Corp.*, 112 AD2d 59, 61). In addition, we find that the repeated failure of plaintiff's counsel to respond to the discovery demands or to the repeated communications by defense counsel constitutes " 'a serious lack of concerned attention to the progress of this action' " (*Burlew-Watkins v Wood*, 225 AD2d 973, 974, quoting *Lauro v Cronin*, 184 AD2d 837, 839). We further note that plaintiff's counsel did not file a brief in this Court or respond to correspondence from the court.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.