■ DENNIS G. CLARK, Respondent, v MGM TEXTILES INDUSTRIES, INC., et al., Defendants, and GEORGE SAARDI, Appellant. [763 NYS2d 130] —Kane, J. Appeal from an order of the Supreme Court (Best, J.), entered June 17, 2002 in Montgomery County, which denied defendant Georges Saardi's motion to vacate a default judgment entered against him.

Plaintiff was formerly employed by defendant MGM Textiles Industries, Inc. Defendant Georges Saardi (hereinafter defendant) was MGM's plant manager. In July 1986, plaintiff commenced this action against defendants to recover unpaid wages. Although the individual defendants apparently were never served the complaint, John Speer, an attorney hired by MGM, answered on behalf of all defendants without raising the defense of lack of personal jurisdiction. Speer verified the answer for the other defendants, but defendant executed his own verification. In 1987, defendant left the employ of MGM and moved to Canada. In 1989, in response to plaintiff's motion to compel defendant's deposition after a failure to appear, Speer cross-moved to withdraw as defendant's counsel. Supreme Court informed Speer that his motion needed to be on notice to defendant, and withheld decision until proper notice was given. The record indicates that Speer had informed defendant that he should obtain new counsel, but there is no proof that the motion papers were ever served on defendant and no order relieving Speer was ever signed.

Nothing transpired in the case until 1998, when plaintiff filed a note of issue. Apparently, the note of issue was mailed to Speer, but not defendant. In May 2000, after a trial notice was sent to Speer's office, the administrator for Speer's estate informed Supreme Court of Speer's death and the last known addresses for defendants as culled from Speer's files. Those addresses were incorrect. Speer's administrator mailed copies of the trial notice to defendants' incorrect addresses and allegedly contacted defendant by phone at that time. Supreme Court sent letters to defendant, using the incorrect addresses from Speer's administrator, informing him of a new trial date in August 2000. When defendant did not appear at the trial, Supreme Court rendered a default judgment against him. After plaintiff served defendant with a copy of the judgment in May 2001, defendant moved for vacatur upon the ground that he had never received notice of the trial of this action and upon the mistaken ground that he had not appeared in the action. Supreme Court denied the motion, finding that defendant had

appeared as evidenced by his verification of the answer and that he was at fault for not keeping apprised of the case. Defendant appeals.

To vacate the default judgment, defendant must establish a reasonable excuse for the default as well as a meritorious defense (*see* CPLR 5015 [a] [1]; *Winney v County of Saratoga*, 252 AD2d 882, 884 [1998]; *Dudley v Steese*, 228 AD2d 931, 931 [1996]). If an attorney dies while an action is pending, "no further proceeding shall be taken in the action against the party for whom he [or she] appeared, without leave of court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs" (CPLR 321 [c]). CPLR 321 (c) created an automatic statutory stay from the date of Speer's death until 30 days after service of the required notice (*see Carder v Ramos*, 163 AD2d 732, 733 [1990]). It is clear that defendant was never personally served with notice to appoint another attorney, nor did Supreme Court direct service in any other manner. The letter sent to defendant's last known address was insufficient as it failed to comply with the statutory procedure, and there was no proof of receipt (*see Matter of Allstate Ins. Co. v Phillips*, 128 AD2d 518, 518-519 [1987]). There is no proof regarding the contents of the conversation between defendant and Speer's administrator, and the letter in the record advising the court of that conversation is unsubstantiated hearsay. Despite defendant's failure to keep apprised of the progress of the lawsuit (*see Sheikh v New York City Tr. Auth.*, 258 AD2d 347, 348 [1999]; *Lauro v Cronin*, 184 AD2d 837, 838-839 [1992]), his failure to appear at a trial which should not have been scheduled due to a statutory stay constituted excusable default.

Defendant also presented a meritorious defense. The quantum of proof required to prevail here is not as great as is required to oppose summary judgment (*see Winney v County of Saratoga, supra* at 884). We agree with plaintiff and Supreme Court that the defense of payment required more than a conclusory statement by defendant to survive (*see Peacock v Kalikow*, 239 AD2d 188, 190 [1997]; *Wilcox v Parkland Dev. Corp.*, 157 AD2d 998, 999 [1990]). The defense that defendant in his individual capacity was not responsible for plaintiff's wages, however, was supported by defendant's affidavit that he was never a stockholder or officer of MGM (*see Marine Midland Bank v Fanning*, 233 AD2d 600, 600 [1996]; *Matter of Waite v Whalen*, 215 AD2d 922, 924 [1995]). In fact, the complaint fails to allege that defendant was an officer or stockholder, or otherwise indicate how defendant is personally liable for

unpaid wages. As defendant has an excuse for his default in appearance and a meritorious defense, the default judgment should be vacated.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, default judgment vacated, and matter remitted to the Supreme Court for further proceedings consistent with this Court's decision.