■ STEVEN AARON, Appellant, v CARTER, CONBOY, CASE, BLACKMORE, NAPIERSKI & MALONEY, P.C., et al., Defendants, and ANDREW L. BLUESTONE, Respondent. (Action No. 1.) STEVEN

AARON, Appellant, v ROEMER, WALLENS & MINEAUX, LLP, et al., Defendants, and ANDREW L. BLUESTONE, Respondent. (Action No. 2.) [784 NYS2d 665]—

Rose, J. Appeals (1) from an order of the Supreme Court (Kavanagh, J.), entered September 10, 2003 in Ulster County, which denied plaintiff's motion to vacate two prior orders of the court in action No. 1, and (2) from a judgment of said court (Bradley, J.), entered September 29, 2003 in Ulster County, which partially granted plaintiff's motion to vacate two prior orders in action No. 2.

Plaintiff retained defendant Andrew L. Bluestone as his attorney to handle the two cases at issue here, legal malpractice actions against plaintiff's former attorneys. Following Bluestone's departure as counsel, Bluestone filed motions in both actions seeking various relief, including being relieved as plaintiff's counsel, having a retaining and charging lien imposed, and seeking a judgment against plaintiff for counsel fees. Plaintiff consistently defaulted on those motions, resulting in various orders entered in favor of Bluestone. Plaintiff then moved to vacate the defaults for the orders in question, claiming that his default was due to law office failure. In an order entered September 10, 2003, Supreme Court (Kavanagh, J.) denied plaintiff's motion in action No. 1, finding that plaintiff had not demonstrated a reasonable excuse for his failure to respond to the motions. In an order entered September 29, 2003, Supreme Court (Bradley, J.) partially granted plaintiff's motion in action No. 2, finding that plaintiff deliberately did not respond to the initial motion by Bluestone and had failed to show a meritorious defense, but conditionally vacated the second order, which would have led to a judgment for counsel fees being entered against plaintiff, upon posting of a $20,000 bond by plaintiff. Plaintiff appeals from both orders.*

To vacate a default, plaintiff "must establish a reasonable excuse for the default as well as a meritorious defense" (*Clark v MGM Textiles Indus.*, 307 AD2d 520, 521 [2003]; *see* CPLR 5015 [a] [1]; *Nulty v Wolff*, 291 AD2d 763, 764 [2002]). Further, plaintiff must also demonstrate that the default was not a result of willfulness and that vacating the default would not result in prejudice to Bluestone (*see Frank v Martuge*, 285 AD2d 938, 939 [2001]). Supreme Court's decision on a motion to vacate a

---

* We note that plaintiff does not challenge Supreme Court's conditional grant of his motion in action No. 2 upon the filing of a $20,000 bond. Accordingly, we do not address Supreme Court's decision in that regard.

default will only be disturbed in the event of an abuse of discretion (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]).

In both cases, plaintiff was well aware of the fact that he had defaulted on Bluestone's various motions, ostensibly due to the failure of his attorney to respond to them, but did not retain a new attorney to vacate the defaults until after the orders leading to final judgments had been entered against him. Indeed, Supreme Court contacted plaintiff and his attorney in action No. 1 alerting them to the existence of Bluestone's motion seeking a judgment against plaintiff for counsel fees, and no response was filed. Further, in action No. 2, Supreme Court found that plaintiff's attorney contacted Bluestone, with plaintiff's approval, after plaintiff defaulted on the first motion, not to seek an adjournment, but rather to discuss the possibility of settlement. As such, Supreme Court did not abuse its discretion in either action by finding that plaintiff's inaction was part of "a pattern of willful default and neglect" that should not be excused (*Gannon v Johnson Scale Co.*, 189 AD2d 1052, 1052 [1993]; *see Burlew-Watkins v Wood*, 225 AD2d 973, 974 [1996]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order and judgment are affirmed, with costs.