■ MAINES PAPER & FOOD SERVICE, INC., Appellant, v LOSCO GROUP, INC., Respondent. [827 NYS2d 345]—

Kane, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered September 6, 2005 in Broome County, which, inter alia, granted defendant's motion to vacate a default judgment entered against it.

Defendant, the general contractor on a school reconstruction project, subcontracted with plaintiff to furnish, deliver and install food service equipment. Plaintiff completed the work contracted for and received payment from defendant in the amount of the agreed-upon price minus a 10% retainage fee which was provided for in the subcontract. Plaintiff thereafter commenced this action to recover the balance of the subcontract price and, when defendant failed to appear, took a default judgment against defendant. Supreme Court granted defendant's subsequent motion to vacate the default judgment. Plaintiff appeals.

We affirm, finding that defendant established both a reasonable excuse for the default and a meritorious defense (*see Loris v S & W Realty Corp.*, 16 AD3d 729, 730-731 [2005]; *Clark v MGM Textiles Indus.*, 307 AD2d 520, 521 [2003]). With regard to the issue of reasonable excuse, defendant submitted evidence indicating that it never received a copy of the summons and complaint, either from the Secretary of State or plaintiff. The Secretary of State, after receiving the summons and complaint from plaintiff, attempted to forward the pleadings to defendant in accordance with Business Corporation Law § 306 (b) (1). The United States Postal Service, however, despite having defendant's correct mailing address, apparently mistakenly returned the pleadings to the Secretary of State. Thus, this is not a case where the defaulting party did not receive the summons and complaint due to its own failure to provide the Secretary of State with a proper current address (*compare Crespo v A.D.A.*

*Mgt.*, 292 AD2d 5 [2002]). In response to plaintiff's assertion that it mailed a copy of the pleadings directly to defendant, defendant's president averred that it had no notice of this action until plaintiff advised that a default judgment had been entered. The foregoing demonstrates that defendant's default was not willful and there is no indication in the record that plaintiff has suffered any prejudice (*see Dodge v Commander*, 18 AD3d 943, 945 [2005]; *Aaron v Carter, Conboy, Case, Blackmore, Napierski & Maloney, P.C.*, 12 AD3d 753, 754 [2004]).

Turning to the issue of meritorious defense, the subcontract entered into by the parties contained a provision that expressly allowed defendant to withhold 10% of the fee owed to plaintiff until such time as the construction project was completed and accepted by the owner of the project, just as a 10% retainage fee was withheld from defendant by the owner pursuant to General Municipal Law § 106-b. Although some provisions of the subcontract are void and unenforceable, the provision relied upon by defendant is valid inasmuch as it merely fixes the time for payment and does not constitute an improper pay-if-paid restriction (*see Welsbach Elec. Corp. v MasTec N. Am., Inc.*, 7 NY3d 624, 628 n 2 [2006]; *West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 153-155 [1995]). Defendant asserts that the owner has not yet accepted the project, so the final payment to plaintiff is not yet due. Such proof from defendant was sufficient for the purpose of showing a meritorious defense.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.