Lahtinen, J.P.
Appeals (1) from an order of the Supreme Court (Lebous, J.), entered April 26, 2011 in Broome County, which, upon an inquest, awarded certain damages to plaintiff, and (2) from the judgment entered thereon.
Plaintiff commenced this action in May 2008 alleging that he had suffered serious injuries during an altercation at a bar with defendant James A. Tuttle, who was employed as the bar’s bouncer. Defendant Kenneth A. Warren (hereinafter defendant) is the principal of defendant Kando Corporation, which operated the bar, and he was present and allegedly had a role in the incident. After submitting an answer, defendants neglected to supply any responses to plaintiffs discovery demands, including ignoring all the deadlines for discovery set by Supreme Court in an April 2009 order. Faced with defendants’ continued nonresponse to discovery demands and noncompliance with the court order, plaintiff moved for partial summary judgment on the issue of liability. In an order entered October 27, 2009, Supreme Court conditionally granted the motion, giving defendants until November 20, 2009 to respond. Defendants, however, did not respond. Supreme Court thus scheduled an inquest on damages for June 2010. At the hearing, defendant appeared with new counsel and the court afforded him and the other defendants additional time to attempt to resolve the case. Defendants reportedly made no such effort.
In August 2010, defendant moved to set aside the partial summary judgment order that had been granted upon default. *1394 Supreme Court denied the request to vacate the order, but granted defendant’s request to hear further evidence regarding plaintiffs damages. After hearing such proof, Supreme Court found damages of $15,000 for past pain and suffering, $25,000 for future pain and suffering, $6,276.90 for lost wages and $5,253.55 for medical expenses. Defendant appeals.
Defendant contends that Supreme Court erred in not granting his motion to vacate the partial summary judgment order that resulted from the default. Although resolving cases on the merits is preferred (see State of New York v Bayramov, 98 AD3d 811, 812 [2012]), a party seeking to vacate an order entered because of a default generally must show, at a minimum, a reasonable excuse and a meritorious position (see Matter of County of Albany [Bowles], 91 AD3d 1132, 1133 [2012]; Fishman v Beach, 246 AD2d 779, 780 [1998]). The decision whether to vacate a default is within the trial court’s discretion and typically will not be disturbed on appeal absent an abuse of that discretion (see Aaron v Carter, Conboy, Case, Blackmore, Napierski & Maloney, P.C., 12 AD3d 753, 754-755 [2004]; Fishman v Beach, 246 AD2d at 780; Hartwich v Young, 149 AD2d 769, 770 [1989]).
Defendant offered as an excuse that the counsel he initially retained to represent him failed to properly protect his interests. However, the record contains only general assertions regarding such counsel’s purported conduct and conclusory contentions as to defendant’s efforts over the lengthy period of time to keep apprised of the matter (see Fishman v Beach, 246 AD2d at 780; Hartwich v Young, 149 AD2d at 770; see also HSBC Bank USA N.A. v Wider, 101 AD3d 683, 683 [2012]; Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC, 95 AD3d 789, 790 [2012]). The absence of a reasonable excuse negates the necessity of considering whether defendant had a meritorious defense (see Nilt, Inc. v New York State Dept, of Motor Vehicles, 35 AD3d 937, 938 [2006]). In light of the repeated failure to, among other things, adhere to court orders and the absence of a reasonable excuse for such failures, Supreme Court did not abuse its discretion in denying defendant’s motion to vacate the order entered following the default (see M & C Bros., Inc. v Torum, 101 AD3d 1329, 1330 [2012], appeal dismissed 21 NY3d 898 [2013]; Hartwich v Young, 149 AD2d at 770).
Defendant’s remaining argument was not properly preserved for review.
McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order and judgment are affirmed, with costs.