# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 16, 2015                    519622
_____

WHITNEY LANE HOLDINGS, LLC,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

DON REALTY, LLC, et al.,
                    Respondents.
_____

Calendar Date:  February 20, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

                    _____

        McHale Law Firm, New York City (Paul Burg of counsel), for appellant.

        E. Stewart Jones Hacker Murphy, Latham (Ryan M. Finn of counsel), for respondents.

                    _____

Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Ferradino, J.), entered May 16, 2014 in Saratoga County, which granted defendants' motion to vacate a prior order of the court.

        This action involves a dispute about a commercial real estate transaction.  Alleging noncompliance with some of its discovery demands, plaintiff moved for a preclusion order and to strike defendants' answer.  Defendants did not submit any papers in opposition and, accordingly, Supreme Court granted the motion.  Defendants promptly moved to vacate the order asserting, among other things, that they had not been served with plaintiff's motion papers and that they had already substantially complied with the disputed discovery demands.  Supreme Court granted defendants' motion and plaintiff now appeals.

We affirm.  To vacate their default in failing to oppose the motion, defendants were "required to demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Remote Meter Tech. of NY, Inc., v Aris Realty Corp., 83 AD3d 1030, 1032 [2011]; see Wood v Tuttle, 106 AD3d 1393, 1394 [2013]).  "Supreme Court's decision on a motion to vacate a default will only be disturbed in the event of an abuse of discretion" (Aaron v Carter, Conboy, Case, Blackmore, Napierski & Maloney, P.C., 12 AD3d 753, 754-755 [2004] [citation omitted]).  Here, Supreme Court credited defendants' explanation for their failure to respond to plaintiff's preclusion motion, which included a lack of service upon them of the motion and a miscommunication regarding discovery that had already been provided.  The court further found potential merit in defendants' opposition to the motion since defendants had apparently provided plaintiff's former counsel with 10 boxes of records, which defendants asserted encompassed the current demands by plaintiff. Supreme Court did not abuse its discretion in vacating the order, and its decision is also consistent with the preference for resolving cases on the merits (see Gurin v Pogge, 112 AD3d 1028, 1030 [2013]).

Garry, Rose and Devine, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court