■ CHRYSLER FINANCIAL CORPORATION, Respondent, v MICHAEL A. DeLuca, Defendant and Third-Party Plaintiff-Appellant-Respondent. ROYAL CHRYSLER-ONEONTA, INC., Third-Party Defendant-Respondent-Appellant. [681 NYS2d 855] —Peters, J. (1) Appeal from an order of the Supreme Court (Ingraham, J.), entered December 12, 1997 in Chenango County, which, *inter alia*, granted plaintiff's motion for summary judgment, and (2) cross appeals from a judgment of said court, entered February 4, 1998 in Chenango County, upon a verdict rendered in favor of third-party plaintiff.

Defendant purchased a 1995 Dodge Ram truck from third-party defendant, Royal Chrysler-Oneonta, Inc. (hereinafter Royal), for $36,660 and obtained financing through a retail installment contract with plaintiff. The purchase contract included a warranty for three years/36,000 miles, extended by defendant's purchase of an additional service contract to four years/100,000 miles.

Approximately two years and 43,000 miles later, the transmission failed. It was replaced pursuant to the service contract and, one month later, the new transmission failed. Defendant alleged that numerous calls were placed to Royal to fix the

transmission pursuant to the service contract but Royal never responded. Alleging that he was frustrated and deprived of his ability to earn a living, defendant failed to make the next five monthly payments on the installment contract.

Plaintiff commenced this action seeking the balance due on the contract ($29,731.67). Defendant alleged that Royal's failure to fix the truck pursuant to the service contract constituted an affirmative defense. Upon plaintiff's successful motion to seize the truck, it was sold for $13,100, thus creating a $19,209 deficiency. Defendant thereafter commenced a third-party action against Royal for breach of warranty, prompting Royal to move for, *inter alia*, summary judgment dismissing the third-party complaint. Plaintiff submitted its affidavit responding to Royal's motion and therein requested that summary judgment be granted to it in the amount of the deficiency. Supreme Court, *inter alia*, denied Royal's motion for summary judgment and granted plaintiff's request. Defendant appeals that order.

Thereafter, a trial was had on the third-party action wherein the jury rendered a verdict in the amount of $5,800 in favor of defendant. Supreme Court increased the jury's verdict with respect to the costs for the transmission repair and reduced the verdict with respect to the amount awarded for the reasonable cost of an alternative vehicle. Whereas defendant appeals that part of the judgment that reduced the verdict, Royal cross-appeals.

We decline to review any error raised by defendant concerning plaintiff's motion for summary judgment since the issue concerning its sufficiency was unpreserved (*see generally, Rushford v Facteau*, 247 AD2d 785) and the judgment was entered by default (*see*, CPLR 5511; *see also, Myers & Co. v Owsley & Sons*, 192 AD2d 927).*

Similarly, no error is found in Supreme Court's determination that defendant could not claim the deficiency judgment as incidental or consequential damages in his action against Royal on the alleged breach of the service contract. Defendant accepted the truck and drove it for approximately 50,000 miles, used it in connection with his business and depreciated it on his tax returns from the November 1994 date of purchase until April 1996. As this case proceeded on a theory of breach of warranty, as opposed to the Lemon Law (*see, Motor Vehicle*

---

* We note that such motion was made in connection with plaintiff's response to Royal's motion for summary judgment and that no record evidence exists to indicate that defendant filed an affidavit in opposition thereto challenging its sufficiency or raised any question with respect to his obligation to repay.

*Mfrs. Assn. v State of New York*, 75 NY2d 175), defendant was not entitled to a refund or rescission of the purchase contract (*cf.*, *Rayhn v Martin Nemer Volkswagen Corp.*, 77 AD2d 394).

As to Royal's contention that the jury's verdict, as modified by Supreme Court, was against the weight of the evidence, we must again disagree. In seeking to determine whether the evidence so preponderated in favor of Royal that the verdict could not have been reached on any fair interpretation of the evidence (*see*, *Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875), we find the evidence to fairly support the jury's conclusion that defendant afforded Royal reasonable opportunities to fix the transmission still covered by the service contract and that Royal failed to appropriately respond. With a reasonable basis to support the jury's determination that a breach of the service contract occurred, therefore requiring Royal to pay the cost of the transmission replacement, the court's increase of the award to reflect testimony regarding the actual cost of repair was proper. While the jury's award for the transmission repair was properly modified, we find that the court should have taken into consideration that the service contract obligated defendant to pay a $50 deductible. Accordingly, we reduce the $2,387 transmission replacement award by that deductible.

As to Royal's contention that the verdict was against the weight of the evidence with respect to the award for the cost of a replacement vehicle, we find that while the terms of the contract did not so provide, defendant was entitled to this cost as a result of the damages caused by Royal's breach. With the only viable evidence presented by defendant supporting an award for $1,200 as the cost of the vehicle that he actually purchased, the jury's award of $4,200 was in error. Accordingly, we find Supreme Court to have properly reduced this portion of the verdict.

Finally, as to the award of $50 in towing costs, we find no error. In light of Royal's prior practice of towing the truck from defendant's home, coupled with defendant's testimony that he was told by an employee of Royal that someone would come to retrieve the truck without obligating him to follow any other procedure, sufficient evidence was presented from which the jury could have concluded that defendant was entitled to recovery for the fees he incurred (*see*, *Lolik v Big V Supermarkets, supra*).

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs. Ordered that the judgment is modified, on the law, without costs, by reduc-

ing the amount awarded for the cost of the transmission repair from $2,387 to $2,337, and, as so modified, affirmed.