■ STATE EMPLOYEES FEDERAL CREDIT UNION, Respondent, v FLOYD D. STARKE, Defendant. ANDREW F. CAPOCCIA LAW

CENTERS, L. L. C., Appellant. [710 NYS2d 197] —Graffeo, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 27, 1999 in Albany County, which, *inter alia*, imposed sanctions against defendant's counsel.

This appeal involves one of many orders issued throughout the State imposing sanctions against the Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia) for pursuing frivolous defenses and counterclaims on behalf of clients in debt collection cases (*see, Citibank [S. Dakota] v Jones*, 272 AD2d 815). Plaintiff commenced this action for breach of contract arising from the failure of defendant to repay money borrowed from his LoanLiner credit account. An answer and counterclaim was submitted on behalf of defendant by Capoccia, his attorney, asserting that the credit agreement was unconscionable, that it did not conform to the plain language requirements of General Obligations Law § 5-702 and that plaintiff failed to comply with Federal Truth in Lending Act requirements.

After defendant forwarded lengthy discovery requests to which plaintiff objected, plaintiff pursued a motion for summary judgment dismissing the complaint. In addition to seeking judgment in the amount due under the loan agreement, with itemized counsel fees, plaintiff explicitly sought the imposition of sanctions against Capoccia in the amount of $10,000, contending that the defenses and counterclaim interposed were frivolous. Indeed, plaintiff addressed the request for sanctions in its motion papers, devoting a paragraph in the supporting affidavit and a page of the accompanying memorandum of law to discussion of the sanction issue. Capoccia did not submit any response to the motion.

Thereafter, Supreme Court issued a decision and order directing the entry of judgment against defendant for the amount due on the loan, with counsel fees and costs, and ordering Capoccia to pay a sanction in the amount of $250 to the Lawyer's Fund for Client Protection, citing 22 NYCRR part 130, the Rules of the Chief Administrator of the Courts which prohibits frivolous conduct. On appeal, Capoccia challenges that part of the order which imposed a sanction in the amount of $250.

This appeal must be dismissed. A default judgment was entered in this case after defendant, represented by counsel, failed to object to the relief sought in the motion. His attorney, who was clearly on notice that the issue of sanctions was before Supreme Court given plaintiff's detailed request for that relief in its summary judgment motion, declined the opportunity to be heard by failing to submit any response to the court. "New

York law unequivocally precludes taking an appeal from a default judgment; the proper remedy is for the defaulting party to move to vacate the default judgment in the court that issued the order and, if the motion is denied, to appeal the order denying the motion" (*Myers & Co. v Owsley & Sons*, 192 AD2d 927 [citations omitted]; *see, Chrysler Fin. Corp. v DeLuca*, 256 AD2d 886, 887; *Brannigan v Dubuque*, 199 AD2d 851; *Matter of Linda K. [Leslie K.—Janette S.]*, 151 AD2d 574). "As the order from which the appeal was taken is nonappealable, we have no occasion to address the parties' arguments" (*Myers & Co. v Owsley & Sons, supra*, at 927; *see*, CPLR 5511).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the appeal is dismissed, with costs.