■ MARGARET M. PARKER, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. [808 NYS2d 913]—

Cardona, P.J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered June 23, 2005 in Albany County, which, inter alia, granted plaintiff's motion to vacate an order dismissing the complaint.

In this action for payment of no-fault benefits for medical expenses arising from injuries allegedly sustained in a motor vehicle accident, defendant moved for dismissal of the complaint, pursuant to CPLR 3126, claiming plaintiff's willful failure to respond to certain discovery demands. Upon plaintiff's default in responding to that motion, Supreme Court dismissed the complaint in February 2005. Thereafter, plaintiff moved to vacate that order. Supreme Court (1) granted plaintiff's request, finding a reasonable excuse for the default in responding to the motion and a potentially meritorious claim, and (2) upon consideration of the merits of the underlying motion, taking into account plaintiff's response, denied defendant's motion to dismiss the complaint pursuant to CPLR 3126. This appeal by defendant ensued.

The sole issue raised by defendant on this appeal is its contention that Supreme Court erred in providing relief to plaintiff because she failed to appeal the February 2005 order dismissing the complaint pursuant to CPLR 3126 and, therefore, a motion to vacate pursuant to CPLR 5015 (a) (1) was not appropriate. In our view, the court proceeded properly under the particular circumstances herein. While there is no question that, in a properly contested motion "predicated upon CPLR 3126, an appeal of [the resulting] order or judgment is the proper and sole remedy for the defaulting party" (*Pinapati v Pagadala*, 244 AD2d 676, 677 [1997]; *see Schwenk v St. Peter's Hosp. of City of Albany*, 215 AD2d 906, 908 [1995], *lv dismissed* 86 NY2d 838 [1995]), here, the default that plaintiff sought to vacate was her default in opposing defendant's motion to preclude in the first instance. Therefore, Supreme Court did not err in entertaining her motion to vacate (*see generally Sik Bun Yuen v Huang*, 18 AD3d 460 [2005]; *State Empls. Fed. Credit Union v Starke*, 274 AD2d 656, 657-658 [2000]; 10 Carmody-Wait 2d § 70:33 [2005]).

Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.