■ In the Matter of the Foreclosure of Tax Liens by COUNTY OF SULLIVAN. COUNTY OF SULLIVAN, Appellant; JOSEPHINE BASILE, Respondent. [840 NYS2d 676]—

Kane, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered June 5, 2006, which, in a proceeding pursuant to RPTL article 11, inter alia, granted respondent's motion to vacate a default judgment entered against her.

Petitioner commenced this RPTL article 11 proceeding to foreclose tax liens on numerous properties, including respondent's property located in the Town of Fremont, Sullivan County. Respondent was one of the property owners who did not pay the delinquent taxes, answer the notice or respond in any way. As a result, petitioner moved for a default judgment. In February 2006, County Court granted a default judgment of foreclosure of respondent's property, among others. On June 1, 2006, respondent moved by order to show cause to vacate the default judgment and allow her to redeem her property. Petitioner did not file responding papers, but both sides appeared at oral argument. The court granted respondent's motion and ordered petitioner to reconvey the property to respondent upon her payment of outstanding taxes, penalties and interest. Petitioner appeals.

We affirm. While petitioner asserts that it sent respondent

notice of the tax foreclosure proceeding by regular and certified mail and neither was returned by the post office, which would constitute sufficient notice under the statute and constitutional due process (*see* RPTL 1125; *Jones v Flowers*, 547 US 220, 223-227 [2006]; *Matter of Harner v County of Tioga*, 5 NY3d 136, 140-141 [2005]), there is no proof in admissible form to support these assertions. An affidavit contained in the papers on the motion for default judgment averred that notices were mailed to all delinquent taxpayers on the list, but petitioner did not submit any papers or affidavits in response to respondent's motion to vacate (*see* CPLR 2214 [b] [permitting service of answering papers at least two days before the motion is noticed to be heard]).* With only a generic affidavit on the default motion which applied to hundreds of property owners or interested parties, and without any affidavits, sworn testimony or other competent evidence to prove that petitioner mailed the notice of foreclosure to respondent at her actual mailing address or the last address listed in petitioner's records and that the records had been searched to verify that the mailings to respondent were not returned, County Court did not err in granting respondent's motion (*see LaGuardia v City of New York*, 237 AD2d 257, 257 [1997]; *Kaiser v J & S Realty*, 173 AD2d 920, 921 [1991]). By failing to file any papers opposing respondent's motion, petitioner similarly failed to preserve its affirmative defense that the motion was barred by the statute of limitations in RPTL 1131.

We will not consider petitioner's argument that respondent failed to provide a reasonable excuse for delay and meritorious defense, so as to entitle her to vacatur of the default judgment, as this argument was not raised in its brief (*see Smith v Sheppard*, 301 AD2d 913, 914 n [2003]).

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The record does not reveal why oral argument was held the day after County Court signed the order to show cause, and three days prior to the argument date set in that order. Regardless of the reason, petitioner did not object to the earlier date nor request an adjournment to file responding papers or present testimonial proof.