OPINION OF THE COURT
Frank J. LaBuda, J.
This matter comes on by order to show cause (OSC) of respondent to vacate the default judgment in favor of the County of Sullivan, which awarded title of the taxpayer’s realty, Town of Fremont Tax Map 14-1-9, for nonpayment of taxes to the County of Sullivan. The respondent argues that he should be permitted to pay all unpaid taxes and appropriate penalties, to the date hereof in full, and that upon payment, County of Sullivan should reconvey the realty back to him.
In the OSC, respondent property owner argues that the default judgment of February 24, 2009 should be vacated on the grounds that he did not receive adequate notice of commencement of the foreclosure proceeding as prescribed in section 1125 of the Real Property Tax Law.
The issue before this court is whether or not the petitioner has complied with the notice requirements of RPTL 1125 thus giving the property owner adequate notice of the foreclosure proceedings. More specifically, whether the posting of the notice requirement as required by the RPTL was done in a manner sufficient to give adequate notice to the landowner.
The realty in question is an undeveloped and wooded 90-acre lot, located at the junction of County Road 93 (commonly known as the Tennanah Lake-Fremont Center Road) and Greenthal Road (Town of Fremont Road 33). The assessed value of the realty is $90,900 with an equalization rate of 61% for a full assessed value of $149,016 and a total repurchase price of $21,029.94.
Respondent property owner Vaughan has, by himself and as part of a family trust, owned the realty in question for over 30 years and paid all taxes except 2007. Until 2005, respondent was a resident of Ridgewood, New Jersey. At that time, he moved to Massachusetts, and failed to inform the County of Sullivan of his change in address as prescribed by RPTL 1125 (d). The County of Sullivan began tax foreclosure proceedings in Janu-
*962 ary of 2009 after respondent had not paid taxes for two years commencing with the 2007 taxes.[1]
The notice provisions of New York’s RPTL 1125 underwent legislative changes in the wake of the United States Supreme Court decision in Jones v Flowers (547 US 220 [2006]). The United States Supreme Court overruled the highest court of the State of Arkansas, which had held that due process was satisfied merely by mailing notice to the property owner by both ordinary and certified mail, even though both were returned as undeliverable {Jones at 234).
The Supreme Court, in a decision by Chief Justice Roberts, reaffirmed its previous ruling in Mullane v Central Hanover Bank & Trust Co. (339 US 306 [1950]) that notice “must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.” (Jones at 229, citing Mullane at 315.) Chief Justice Roberts further wrote that “the State may have made a reasonable calculation of how to reach Jones, but it had good reason to suspect when the notice was returned that Jones was no better off than if no notice had been sent.” (Jones at 221.)
Additionally, Chief Justice Roberts referred to the Supreme Court’s decision in Walker v City of Hutchinson (352 US 112 [1956]), which held that “notice required will vary with circumstances and conditions.” (Jones at 227, citing Walker at 115.)
Thus, the United States Supreme Court has recently reiterated and reaffirmed its litmus test of due process on the effectuation of adequate notice to absentee landowners in tax foreclosure matters, which on a case-by-case analysis obligates the taxing entity to provide notice to the landowner that is reasonably calculated to reach the owner and that such notice may vary with the circumstances and conditions present.
The New York Court of Appeals has held, in property tax notice cases, that under both the Federal and State Constitutions the State may not deprive a person of property without due process of law (US Const 14th Amend; NY Const, art I, § 6). In Matter of Harner v County of Tioga (5 NY3d 136 [2005]), the New York Court of Appeals reiterated the United States Supreme Court’s holding in Mullane, by stating its due process
*963 requirement that “notice [must be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” (Harner at 140, citing Mullane at 314.) The Court of Appeals opined that “due process is a flexible concept, requiring a case-by-case analysis that measures the reasonableness of a municipality’s actions in seeking to provide adequate notice.” (Harner at 140.)
In Harner, the County found that the notice was proper because Tioga County had sent notice by both regular and certified mail, and while the certified mail was returned as “unclaimed,” the regular mail was not. {Harner at 139.) Because the landowner bore the responsibility of updating his address to protect his ownership interests, Tioga County was justified in assuming that adequate notice had been given when the regular mail was not returned from the last known address on record, and that Harner was merely attempting to avoid notice by ignoring the certified mailings. {Harner at 141.)
However, in the case at bar, both the regular and certified mailings were returned to Sullivan County as undeliverable. This triggered an obligation on the County’s part to take additional reasonable steps to attempt to provide notice as prescribed by RPTL 1125 and judicial due process, through Flowers and Harner and their progeny, designed to reasonably reach the landowner under the circumstances and conditions present in the particular case.
In the wake of Jones v Flowers, the New York Legislature quickly sought to amend RPTL 1125 to bring the State’s uniform tax enforcement procedure into compliance with the United States Supreme Court’s decision. As explained by the Counsel to the Office of Real Property Services, “it is now clear that when the government learns that an initial tax sale notice was not delivered to the owner, additional efforts must be made to notify him or her if reasonably practical.” (Letter from the Office of Real Property Services Counsel, July 11, 2006, Bill Jacket, L 2006, ch 415, at 8.) The current version of RPTL 1125 is intended to reflect this. RPTL 1125 (1) (b), “Notification method,” states, in its pertinent part, that notice of commencement of foreclosure proceeding against a known owner shall be sent via ordinary first class mail and certified mail. If both mailings are returned as undeliverable and no alternative address can be found, then the enforcing officer shall cause a copy of such notice to be posted in his or her office, in the office of the *964 Court Clerk and on the physical property to which the delinquent tax lien relates in the following manner: “(i) affixed to a door of a residential or commercial structure on the premises, or (ii) attached to a vertical object, such as a tree, post or stake, and plainly visible from the road” (RPTL 1125 [1] [c] [emphasis added]).
In the case at bar, both the ordinary first-class and certified mailings were returned, and no alternative mailing address was found by the County of Sullivan. Therefore, the petitioner sought to give notice by attaching the paper notice to a wooden stake pounded into the ground, visible from the road on January 8, 2009.
The respondent specifically argues that albeit notice was posted pursuant to RPTL 1125 (1) (c), that notice was not adequately given because the County of Sullivan failed to take into account all of the circumstances and conditions on the property. They posted notice on a wooden stake in a snowbank in the Town of Fremont’s winter season and knew that the respondent was an absentee landowner who lived out-of-state. Said posting could not reasonably give notice to the property owner.
As testimony before this court has shown, the stake with the notice attached to it was posted on January 8, 2009 in the middle of winter on undeveloped woodland in a sparsely settled part of Sullivan County. The manner in which the notice was posted consisted of three sheets of letter-sized computer paper being affixed to a two-inch-by-one-inch wooden stake by use of construction staples. This was substantiated by a photograph taken by the enforcing officer’s agent just after its erection and is not a factual issue.
Testimony of several residents of the area of the property and the respondent’s closest neighbor shows that the weather in the vicinity of Tennanah Lake in the Town of Fremont during January is very harsh, consisting of high winds and heavy snowfall. January 2009 was no exception to this weather pattern. Additionally, the testimony of the Superintendent of Highways of the Town of Fremont revealed that frequent snowplowing in the region would have thrown snow up onto the bank in the area where the notice was posted. Of all the local residents of the area who testified, none saw any indication of the posting’s existence, even though they would frequently and daily drive past the posted location.
*965 The County of Sullivan relies upon the holding in Matter of County of Sullivan (Basile) (43 AD3d 598 [3d Dept 2007]).[2] There, the Appellate Division, Third Department, held that although Sullivan County claimed to have given proper service through both regular and certified mail which were never returned, there was no admissible proof to support this. (Basile at 599.) In the decision, Justice Kane, writing for the appellate court, wrote that without proof that the mailings were not returned, the ruling that Basile did not receive proper due process of notice must be upheld, and therefore, it was proper that the County’s default judgment was vacated. (Basile at 599.) This reliance on Basile is misplaced because in the case at bar, there is proof that the mailings were both returned, therefore an obligation was triggered on the County’s part to ensure that an adequate alternative method of notice reasonably calculated under all conditions and circumstances to give the property owner notice was used.
Similarly, in the case of Matter of Norgrove v Board of Educ. of City School Dist. of City of N.Y. (23 Misc 3d 684 [Sup Ct, NY County 2009]), the New York County Supreme Court held that other service is required when a party is made aware that mail was returned. There, the petitioner, a tenured teacher, faced various charges from the school board that led to the termination of his employment. Under Education Law § 3020, a tenured teacher is entitled to notice of such charges by two methods in the alternative: by certified or registered mail, or by personal delivery. (Norgrove at 690.) The Board of Education sent notices by regular and certified mail. While the regular mail was not returned, the certified mail was sent back as unclaimed. The petitioner claimed that service was improper, and that he could therefore not be dismissed. The court held that when the certified mail was returned unclaimed, the Board of Education became aware that notice was ineffective, which triggered an obligation on their part to take additional steps to effect notice by redelivering the second notice to Norgrove personally at his place of work. (Norgrove at 695.) Because personal delivery at work was the one additional reasonable and practical step available to effect notice, they were obligated to give notice in this manner. As the Board of Education failed to do so, the court found in favor of the petitioner and ordered the respondents to *966 reinstate him with full salary and benefits retroactive to the time he was terminated. (Norgrove at 696.)
The case at bar, while falling under a different section of New York law, is similar in that it involves the use of a statutorily prescribed step-by-step method of the manner of giving notice. Just as the Board of Education should have taken one additional reasonable and practical step to effect notice, so too should the County of Sullivan have worked to ensure that adequate notice under RPTL 1125 (1) (b) was given in an appropriate manner under the circumstances and conditions then and there existing, including the nature of the property, the time of the year and the out-of-state address of the absentee owner to ensure a reasonable likelihood that the owner would receive notice; due process and the right to own and hold property in a free society demands no less.
Additionally, in the recent case of Matter of Foreclosure of Tax Liens by Proceeding in Rem Pursuant to Article 11 of the Real Property Tax Law (24 Misc 3d 204 [Sup Ct, Orange County 2009]), the Orange County Supreme Court held that the foreclosing municipality did not afford the property owners adequate notice of their constitutionally protected right of redemption. There, the petitioner merely sent notice by way of certified mail, which was returned as “not deliverable as addressed.” (Foreclosure of Tax Liens at 205.) Because the certified mail was returned unclaimed, the Commissioner of Finance became aware that notice was ineffective, which triggered an obligation on their part to take additional steps to effect notice. (Foreclosure of Tax Liens at 209.) Under RPTL 1125 (1) (b), these steps included the mailing of notification by ordinary mail, a search to see if an alternative mailing address could be found, and the physical posting of notice on property to which the delinquent tax lien relates. As the Commissioner of Finance failed to take these additional steps, the court found in favor of the respondents, and ordered the County of Orange to issue the property owners a newly issued right of redemption under the same terms and conditions as set forth in the default notification. (Foreclosure of Tax Liens at 211.)
While the County of Sullivan may have taken additional steps to effect notice pursuant to RPTL 1125 (1) (b), beyond those taken by the County of Orange in Foreclosure of Tax Liens, they still failed to live up to the fully intended statutory obligations to provide adequate notice reasonably calculated to give the landowner notice under all the conditions and circumstances. There is no additional merit garnered for completing three quarters of the *967 required steps rather than one half; failing to appropriately follow through on any less than all of the required steps in effectuating notice of the foreclosure proceedings does not meet the standards set forth in the Real Property Tax Law and the progeny of United States Supreme Court and New York Court of Appeals holdings.
In the case at bar, the petitioner failed to meet its obligation to provide adequate notice to the owner that is reasonably calculated under the circumstances. The petitioner failed to reasonably calculate how to provide adequate notice when it attached non-water-and-weatherproof computer paper to a wooden stake in a snowbank during the winter weather.
In the matter herein respondent produced photos of “No Trespassing” signs attached to trees along the highways bordering respondent’s property, visible from the highway. A neighbor who posted such signs for respondent testified that such signs remained in place for long periods of time. Petitioner’s employee who placed the stake in the snow on the shoulder of the road testified that the snow was too deep for him to staple the notice on any of the trees off the road. Clearly, difficulty in walking through a few feet of snow is not consistent with the intent “as one desirous of actually informing the absentee might reasonably adopt to accomplish it.” (Mullane, 339 at 315.)
The respondent argues whether the posting of a paper on a two-inch wide wooden stake on the side of the road is relevant, as the respondent lives out-of-state and the land is undeveloped and has no year-round habitable structure on it, and it is unlikely that the owner would see such notice during January or the other winter months. Thus, the United States Supreme Court in Mullane held that “[t]he chance of actual notice is further reduced [if the notice] does not inform acquaintances who might call it to the attention” of the landowner. {Mullane at 315.) As applied to the case at bar, it is evident from the testimony adduced at the hearing that the respondent had several reliable acquaintances in the immediate vicinity of his property that would have informed him of the notice of foreclosure if they had seen it. Thus, the paper notice posting in winter had no chance of actual notice being given to the out-of-state owner or his acquaintances.
This court finds that although the County of Sullivan technically complied with the notice requirements of RPTL 1125, it nonetheless failed to provide adequate notice, reasonably *968 calculated under the circumstances and conditions of weather, time of year, size of the property, and out-of-state residence of the property owner when they posted non-water-and-weatherproof paper on a wooden stake in a snowbank in January alongside a road by the undeveloped woodland parcel.
Accordingly, this court finds that the petitioner County of Sullivan did not give adequate notice to respondent under the circumstances and conditions existing in that the paper notice stapled to a wooden stake in a snowbank at nonresidential property is insufficient to give reasonably calculated notice.
Based on the above, it is ordered, that the default judgment of February 24, 2009 against the respondent is vacated, and it is further ordered, that property owner shall pay all taxes and penalties issued as of the inadequate posting on January 8, 2009 by September 30, 2009, and it is further ordered, that upon payment by property owner as stated above, the County of Sullivan shall reconvey said property.

. The owner had moved to Massachusetts and left a forwarding address with his post office in New Jersey, but after six months the forwarding address expired automatically and petitioner’s inquiry of the Ridgewood, New Jersey postmaster showed that the owner had moved and that they had no record of a forwarding address.

. This was a decision in which the Appellate Division, Third Department, affirmed an order of the County Court of Sullivan County (LaBuda, J.), entered June 5, 2006 vacating a default judgment against Basile.