■ M & C BROTHERS, INC., Respondent, v BRADLEY W. TORUM et al., Appellants, et al., Defendants. [907 NYS2d 78]—

Mercure, J. Appeal from an order and judgment of the Supreme Court (Peckham, J.), entered January 30, 2009 in Delaware County, which granted plaintiff's motion to strike defendants' answer.

In October 2004, plaintiff entered into an agreement to purchase and harvest timber upon property owned by defend-

ants Bradley W. Torum and Samme Chittum-Torum (hereinafter collectively referred to as defendants). Defendants thereafter conveyed the property, without reserving plaintiff's rights, to individuals who refused to permit the collection of the timber. This action against defendants and the purchasers of the property ensued.[1] A scheduling order was issued directing that party depositions be completed by September 30, 2008. The order specified that it was "subject to a conditional order of preclusion" and that a violation thereof entitled an aggrieved party to seek an order striking the offending party's claims or defenses. Although defendants' counsel was present, defendants did not appear for scheduled depositions and, having received no explanation for the failure to appear, plaintiff moved to strike defendants' answer (*see* CPLR 3126 [3]). Following defendants' failure to oppose the motion in writing, Supreme Court granted the motion. Defendants now appeal.

Generally, a defaulting party is not aggrieved by, and may not appeal from, a default judgment; instead, that party must "move to vacate the default judgment in the court that issued the order and, if the motion is denied, . . . appeal the order denying the motion" (*F.W. Myers & Co. v Owsley & Sons*, 192 AD2d 927 [1993]; *see* CPLR 5511; *Farhadi-Jou v Key Bank of N.Y.*, 2 AD3d 1041, 1042 [2003]). An exception to this rule arises where the default judgment results from a contested motion to strike pursuant to CPLR 3126. If the motion is not contested, however, the defaulting party remains limited to seeking vacatur (*see* CPLR 5015; *Figiel v Met Food*, 48 AD3d 330 [2008]; *Parker v State Farm Mut. Auto. Ins. Co.*, 26 AD3d 719, 720 [2006]). Defendants here failed to submit written opposition to plaintiff's motion, but did appear for oral argument. Oral opposition to a motion, while not prohibited per se, does not constitute competent evidence and, in this case, is of particularly minimal value given that oral argument was not held on the record (*see Matter of County of Sullivan [Basile]*, 43 AD3d 598, 599 [2007]; *Kaiser v J & S Realty*, 173 AD2d 920, 921 [1991]). Accordingly, defendants' failure to formally oppose plaintiff's motion was appropriately treated as a default, and their only recourse was to move to vacate the judgment (*see Fox v T.B.S.D., Inc*, 278 AD2d 612, 613 [2000], *lv denied* 96 NY2d 716 [2001]; *see also Armin A. Meizlik Co. Inc. v L&K Jewelry Inc.*, 68 AD3d 530, 531 [2009]; *Careplus Med. Supply Inc. v Travelers Home & Mar. Ins. Co.*, 11

---

1. Plaintiff's claim against the purchasers was discontinued shortly before the order at issue here was rendered.

Misc 3d 135[A], 2006 NY Slip Op 50479[U] [2006]; cf. *Matter of County of Sullivan [Basile]*, 43 AD3d at 599).[2]

Cardona, P.J., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.

2. We note that defendants have both unsuccessfully moved for vacatur before Supreme Court and discontinued their appeal from the denial of their motion to vacate (2010 NY Slip Op 63744[U] [2010]).