Rose, J.
Appeal from an order of the Supreme Court (Ferradino, J.), entered February 22, 2012 in Saratoga County, which denied defendant’s motion to vacate a default judgment entered against him.
Plaintiff commenced this action in 2009 claiming that he had adversely possessed certain property titled to defendant, his neighbor. Supreme Court denied the parties’ initial motions for summary judgment for procedural reasons, but did so without prejudice to renewal. Plaintiff resubmitted his motion and, having received no opposition from defendant, Supreme Court granted it. Defendant later unsuccessfully moved to vacate the default, prompting this appeal.
*1434 We affirm. A party seeking to vacate a default judgment must demonstrate “a reasonable excuse for the default and the existence of a meritorious defense,” and whether to grant that relief is an issue addressed to the sound discretion of the trial court (Abel v Estate of Collins, 73 AD3d 1423, 1424 [2010]; accord Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc., 80 AD3d 861, 862 [2011]; see CPLR 5015 [a] [1]). Defendant’s proffered excuse here was law office failure by his former counsel. The record reflects that defendant had sold his property during the pendency of this action, but agreed with the new owners that he would pursue the litigation to its conclusion. Notwithstanding that agreement, his then-counsel addressed a letter to Supreme Court in which she expressed confusion as to who was “responsible for responding” to the summary judgment motion and whether the new owners should be added as party defendants. While defendant does not recall receiving that letter, he was admittedly aware of the pending motion but was involved in a fee dispute with his counsel at the time. Accordingly, the record supports Supreme Court’s conclusion that the failure to respond to the motion was deliberate and not the result of law office failure (see Grinkorn v Seeley, 30 AD3d 376, 377 [2006], lv dismissed 7 NY3d 920 [2006]; Lease Factor v Kemcy Model Agency, 201 AD2d 624, 625 [1994]; cf. Abel v Estate of Collins, 73 AD3d at 1424-1425). Having failed to demonstrate an excusable default, defendant’s further contentions regarding the merits of his case need not be addressed (see Colonie Constr. Prods. v Titan Indem. Co., 265 AD2d 716, 719 [1999]).
Peters, EJ., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.