*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                519325
_____

RUTNIK & CORR CPA'S, P.C.,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

GUPTILL FARMS, INC., et al.,
                    Appellants.
_____

Calendar Date:  March 27, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____

        Tobin & Dempf, LLP, Albany (R. Christopher Dempf of counsel), for appellants.

        Ganje Law Office, Albany (David L. Ganje of counsel), for respondent.

                    _____

Egan Jr., J.

        Appeal from an order of the Supreme Court (Nolan Jr., J.), entered April 8, 2014 in Saratoga County, which, among other things, denied defendants' motion to vacate a default judgment entered against them.

        In March 2006, plaintiff commenced an action for breach of contract against defendants seeking to recover payment for accounting services it had provided defendant Guptill Farms, Inc. between 2001 and 2003.  Defendants failed to answer or appear, and plaintiff obtained a default judgment in February 2007.  In 2013, plaintiff served a subpoena duces tecum on defendants seeking documents and deposition testimony related to enforcement of the judgment.  After defendants failed to comply with the subpoena, plaintiff sought an order holding them in contempt.

Defendants thereafter moved to quash the subpoena and to vacate the default judgment. Supreme Court granted the motion to quash the subpoena, but denied the motion to vacate the default judgment. Defendants now appeal.

We affirm. "[A] party seeking to vacate a default judgment must demonstrate a reasonable excuse for default and a meritorious defense [and t]he determination of whether to vacate a default judgment is within the discretion of the trial court" (Capital Compost & Waste Reduction Servs., LLC v MacDonald, 73 AD3d 1311, 1312 [2010] [internal quotation marks and citations omitted]; see CPLR 5015 [a] [1]; Wadsworth v Sweet, 106 AD3d 1433, 1434 [2013]). We reject defendants' proffered excuse that they were not properly served a copy of the summons and complaint inasmuch as service upon defendant William Guptill, the president of Guptill Farms, was sufficient to effect service on both himself individually and Guptill Farms (see CPLR 311 [a] [1]; Matter of Stony Cr. Preserve, Inc., 121 AD3d 1376, 1377 [2014]; Port Chester Elec. Co. v Ronbed Corp., 28 AD2d 1008, 1008 [1967]). Further, even assuming that a receiver appointed in a mortgage foreclosure action against defendants in Maine was charged with defending plaintiff's claim against them, defendants had full knowledge of the claim and have not presented any evidence that they made any inquiries regarding the status of the litigation for over seven years. In our view, defendants' conduct amounted to a "serious lack of concerned attention to the progress of the action" (Lauro v Cronin, 184 AD2d 837, 839 [1992]; see Fishman v Beach, 246 AD2d 779, 780 [1998]). Accordingly, we agree with Supreme Court that defendants failed to offer a reasonable excuse for their default and discern no abuse of its discretion in denying defendants' motion to vacate the default judgment (see Wood v Tuttle, 106 AD3d 1393, 1394 [2013]; Fishman v Beach, 246 AD2d at 780-781). Given the lack of a reasonable excuse, we need not address whether defendants had a meritorious defense (see Cotter v Dukharan, 110 AD3d 1331, 1333 [2013]). Finally, by not appearing in the action, defendants were not entitled to notice of plaintiff's application for a default judgment that was made within a year of defendants' default (see CPLR 3215 [g] [1]).

Garry, J.P., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court