*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                     521931
_____

DEUTSCHE BANK NATIONAL TRUST
    COMPANY, as Trustee for
    Holders of the HSI ASSET
    SECURITIZATION CORPORATION
    TRUST 2006-HE1,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

MARTIN BECKMAN, Also Known as
    MARTIN C. BECKMAN, et al.,
                    Defendants,
        and

NANCI BECKMAN, Also Known as
    NANCI G. BECKMAN,
                    Appellant.
_____

Calendar Date:  April 19, 2016

Before:  Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

                    _____

        John P. Kingsley, PC, Catskill (John P. Kingsley of
counsel), for appellant.

        Shapiro, DiCaro & Barak, LLC, Rochester (Ellis M. Oster of
counsel), and Sandelands Eyet LLP, New York City (Margaret S.
Stefandl of counsel), for respondent.

                    _____

Rose, J.

        Appeals (1) from an order of the Supreme Court (Zwack, J.),
entered March 18, 2015 in Rensselaer County, which, among other
things, granted plaintiff's motion for a judgment of foreclosure

and sale, and (2) from the judgment entered thereon.

Plaintiff commenced this mortgage foreclosure action in 2012, more than three years after defendants Nanci Beckman and Martin Beckman defaulted on the mortgage note. The Beckmans made no attempt to answer, prompting plaintiff to move for a default order of reference, which Supreme Court granted in February 2014. Plaintiff thereafter moved for a final judgment of foreclosure, which, for the first time, drew opposition from Nanci Beckman (hereinafter Beckman), who cross-moved for permission to serve a late answer and to vacate the order of reference. Supreme Court denied Beckman's cross motion and entered a judgment of foreclosure and sale in favor of plaintiff. Beckman now appeals.

We affirm. "As the party seeking to vacate a default judgment, [Beckman] bore the burden of demonstrating a reasonable excuse for [her] default and a meritorious defense to the action" (Washington Mut. Bank v Fisette, 66 AD3d 1287, 1287 [2009]; see CPLR 5015 [a]; EMC Mtge. Corp. v Toussaint, 136 AD3d 861, 862 [2016]; Marine Midland Bank v Fanning, 233 AD2d 600, 600 [1996]). To that end, Beckman claims that she failed to file an answer because she was not served with the summons and complaint, an assertion that is contradicted by the affidavit of service of Stephen Moeske. Moeske averred that, in June 2012, he personally served Beckman at her home, asked her whether she was serving in the military and observed her approximate age, weight, height and hair color. In response, Beckman stated, in her own affidavit, that she "never received any summons, summons and notice, complaint, whether by in-hand service, mail, or otherwise." However, "[t]his bare and unsubstantiated denial of service lack[s] the factual specificity and detail required to rebut the prima facie proof of proper service set forth in the affidavit of service" and, thus, it cannot excuse her default (Community W. Bank, N.A. v Stephen, 127 AD3d 1008, 1009 [2015]; see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719 [2014]; Christiana Bank & Trust Co. v Eichler, 94 AD3d 1170, 1170-1171 [2012]). Nor do Beckman's allegations that her assigned counsel ineffectively represented her during and after settlement conferences constitute a reasonable excuse, inasmuch as the conferences did not begin until several months after her time to answer had expired (see HSBC Bank USA, N.A. v Lafazan, 115 AD3d

647, 648 [2014]; <u>Valiotis v Psaroudis</u>, 78 AD3d 683, 684 [2010], <u>lv denied</u> 16 NY3d 713 [2011]).

Finally, although Beckman claims that she was fraudulently induced into executing the mortgage loan, there is no evidence that the nature of the purported fraud prevented her from fully and fairly litigating this dispute (<u>see</u> <u>EMC Mtge. Corp. v Toussaint</u>, 136 AD3d at 862-863; <u>Bank of N.Y. v Lagakos</u>, 27 AD3d 678, 679 [2006]).  Given that Beckman has not offered a reasonable excuse for her default, it is unnecessary for us to address the merits of her various affirmative defenses (<u>see</u> <u>Rutnik & Corr CPA's, P.C. v Guptill Farms, Inc.</u>, 127 AD3d 1531, 1532 [2015]; <u>Wadsworth v Sweet</u>, 106 AD3d 1433, 1434 [2013]).

Peters, P.J., Garry, Clark and Aarons, JJ., concur.

ORDERED that the order and judgment are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court