# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: December 1, 2016        522350
                                                         522358

_____

In the Matter of VILLAGE
   GREEN HOLLOW, LLC,

                   Appellant-
                   Respondent,

     v

ASSESSOR OF THE TOWN OF
   MAMAKATING et al.,

                   Respondents-
                   Appellants.

(And Five Other Related Proceedings.)

(Proceeding No. 1.)
_____     MEMORANDUM AND ORDER

In the Matter of BLUE SKY HOMES,
   LLC,

                   Appellant-
                   Respondent,

     v

ASSESSOR OF THE TOWN OF
   MAMAKATING et al.,

                   Respondents-
                   Appellants.

(And Five Other Related Proceedings.)

(Proceeding No. 2.)
_____

Calendar Date: October 17, 2016

Before: Egan Jr., J.P., Rose, Clark, Mulvey and Aarons, JJ.

_____


        Kalter, Kaplan Zeiger & Forman, Woodbourne (Terry S. Forman
of counsel), for appellant-respondent.

        Stoloff & Silver, LLP, Monticello (Richard A. Stoloff of
counsel), for respondents-appellants.


_____


Egan Jr., J.P.

        Cross appeals from an order of the Supreme Court (Schick,
J.), entered September 28, 2015 in Sullivan County, which, in two
proceedings pursuant to RPTL article 7, among other things,
denied petitioners' motions for leave to renew and reargue.

        Petitioners, who individually own various mobile home parks
located in the Town of Mamakating, Sullivan County, separately
commenced these tax certiorari proceedings seeking a reduction in
the assessed value of their respective properties for tax years
2008 to 2013.  Protracted discovery and settlement negotiations
followed, but no successful resolution was reached.  Between May
2012 and April 2014, petitioners filed notes of issue and
certificates of readiness for trial relative to the proceedings
encompassing tax years 2008 to 2011, and a trial date was
scheduled for August 20, 2014.

        In June 2014, respondents moved to, among other things,
strike the notes of issue based upon petitioners' failure to
comply with 22 NYCRR 202.59 and to dismiss each of these
proceedings due to petitioners' noncompliance with respondents'
respective discovery demands.  Although counsel for petitioners
appeared at the oral argument on the motions, petitioners failed
to file any written submissions in opposition thereto.  By order
entered December 30, 2014, Supreme Court granted the requested
relief, striking the notes of issue and dismissing the subject
proceedings.  Thereafter, in February 2015, petitioners sought

leave to renew/reargue and, in the alternative, moved to be relieved from their default in responding to the motions to strike/dismiss. Respondents opposed the motions. By order entered September 28, 2015, Supreme Court denied petitioners' applications for leave to renew/reargue and granted petitioners' motions to relieve them from their default in failing to file written submissions in opposition to respondents' motions, but otherwise adhered to its prior decision. In other words, Supreme Court essentially reopened the default but denied petitioners' applications upon the merits. Petitioners now appeal from so much of Supreme Court's order as denied their motions for leave to renew/reargue and denied their motions to vacate the default,[1] and respondents cross-appeal from so much of Supreme Court's order as granted petitioners' motions to reopen their default.[2]

We affirm — albeit for reasons other than those expressed by Supreme Court. Preliminarily, petitioners do not dispute — and a review of the applicable case law makes clear — that counsel's oral opposition to respondents' respective motions "does not constitute competent evidence" with respect thereto (M & C Bros., Inc. v Torum, 75 AD3d 869, 870 [2010]) and, therefore, Supreme Court properly treated petitioners' "failure to formally oppose the motion[s] as a default" (Matter of County of Albany [Bowles], 91 AD3d 1132, 1133 [2012]; see CPLR 2214 [c]; Johnson v State of New York, 140 AD3d 1561, 1561 [2016]; M & C

---

[1] The proceedings initiated by each petitioner have been consolidated for purposes of these appeals.

[2] Insofar as Supreme Court left intact its December 2014 order granting respondents the full relief requested, i.e., the striking of the notes of issue and the dismissal of the relevant petitions, respondents are not aggrieved by Supreme Court's September 2015 order (see CPLR 5511); hence, respondents' cross appeals must be dismissed (see Maldonado v DiBre, 140 AD3d 1501, 1503 n 3 [2016], lv denied ___ NY3d ___ [Nov. 21, 2016]). The arguments raised by respondents, however, nonetheless may be considered as alternative grounds for affirmance (see Ullmannglass v Oneida, Ltd., 121 AD3d 1371, 1372 n 2 [2014]).

Bros., Inc. v Torum, 75 AD3d at 870). Having failed to contest respondents' motions, it necessarily follows that petitioners could not seek to renew and/or reargue factual or legal claims that they neglected to assert in the first instance. That self-evident proposition aside, it is well settled that where, as here, an order is entered upon a party's default, that "party's sole remedy is . . . to move to vacate the default order and, if necessary, to appeal from the denial of that motion" (Johnson v State of New York, 140 AD3d 1558, 1558 [2016], citing CPLR 5015 [a] [1]; Matter of Susan UU. v Scott VV., 119 AD3d 1117, 1118 [2014]; Matter of Jay v Fischer, 102 AD3d 1021, 1021 [2013]; DeLuke v Albany Rest. Supply, Inc., 42 AD3d 601, 601 [2007]).

To that end, it is well settled that "[a] party seeking to vacate a default judgment must demonstrate a reasonable excuse for the default and the existence of a meritorious defense" (Wadsworth v Sweet, 106 AD3d 1433, 1434 [2013] [internal quotation marks and citation omitted]; see Deutsche Bank Natl. Trust Co. v Beckman, 140 AD3d 1456, 1457 [2016]; Rutnik & Corr CPA's, P.C. v Guptill Farms, Inc., 127 AD3d 1531, 1531 [2015]). Although the determination of whether to vacate a default judgment indeed lies within the sound discretion of the trial court (see Baptist Health Nursing & Rehabilitation Ctr., Inc. v Baxter, 140 AD3d 1386, 1387 [2016]), in the absence of a reasonable excuse for the default, the moving party's proffer of a meritorious defense need not be considered (see Rutnik & Corr CPA's, P.C. v Guptill Farms, Inc., 127 AD3d at 1532).

Here, petitioners failed to articulate a reasonable excuse for their default in the first instance — instead contending only that they may have proceeded in a somewhat "lackadaisical mode" and have been lulled into "a false sense of security" because of the manner in which these proceedings had "dragged on over the years" and "the expectation that [Supreme] Court would grant one further adjournment" in order to allow them to comply with the outstanding discovery demands. In the absence of a reasonable excuse, Supreme Court abused its discretion in reopening petitioners' default and — in effect — proceeding to consider whether petitioners had proffered a meritorious defense. Stated another way, inasmuch as petitioners did not meet the standard

for vacating their prior default, Supreme Court should have denied the requested relief upon that ground alone. That said, because we agree that respondents' motions to strike the notes of issue and dismiss the underlying proceedings were properly granted, Supreme Court's order is affirmed.

Rose, Clark, Mulvey and Aarons, JJ., concur.


ORDERED that the order is affirmed, without costs.

ORDERED that the cross appeals are dismissed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court